(TO PLAINTIFF'S ATTORNEY: **PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER)**

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. NOCV2011-00974-A

Frank Cremone ......................................................, *Plaintiff(s)*

v.

Home Depot, Inc. ......................................................, *Defendant(s)*

### SUMMONS

To the above-named Defendant: Home Depot, Inc.

You are hereby summoned and required to serve upon Maria Mancini Scott, plaintiff's attorney, whose address is 122 Dean Street, Taunton, MA 02780, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS,   BARBARA J. ROUSE, Esquire   , at Norfolk ................ the 12th .............. day of September ..............................., in the year of our Lord two thousand and 11.

A true copy Attest:   *[signature]*   *[signature]* Clerk.
9/14/11
Deputy Sheriff Suffolk County

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .................................., 20     , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..............................................................................................................................................

..............................................................................................................................................

..............................................................................................................................................

Dated:                    , 20     ..............................................................................

N. B.   TO PROCESS SERVER:-
        PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
        THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON
        DEFENDANT.

|                                                          |
|                                              , 20    .   |

COMMONWEALTH OF MASSACHUSETTS
NORFOLK, ss.                     SUPERIOR COURT
                                 CIVIL ACTION
                                 NO. NOCV2011-00974-A

Frank Cremone................., *Plaintiff*

v.

Home Depot., Inc................., *Defendant*

SUMMONS
(Mass. R. Civ. P.4)

| CIVIL ACTION COVER SHEET | DOCKET NO(S). | Trial Court of Massachusetts Superior Court Department County: Norfolk |
|---|---|---|

| PLAINTIFF(S) Frank Cremone | DEFENDANT(S) Home Depot |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (508) 822-2000 Maria Mancini Scott Keches Law Group, P.C. 122 Dean Street Taunton MA 02780 Board of Bar Overseers number: | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employee Discrimination | ( F ) | [X] Yes [ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .......... $..........
2. Total Doctor expenses .......... $..........
3. Total chiropractic expenses .......... $..........
4. Total physical therapy expenses .......... $..........
5. Total other expenses (describe) .......... $..........
   Subtotal $..........
B. Documented lost wages and compensation to date .......... $ 63,000.00
C. Documented property damages to date .......... $..........
D. Reasonably anticipated future medical and hospital expenses .......... $..........
E. Reasonably anticipated lost wages .......... $ 200,000.00 +
F. Other documented items of damages (describe)
   Emotional Distress .......... $ 200,000.00 +
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Plaintiff was discriminated against by his employer due to his age and was subjected to retaliation.

$..........
TOTAL $ 463,000.00 +

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _M_____ DATE: 6/25/11

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# CIVIL ACTION COVER SHEET
## INSTRUCTIONS

### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**CONTRACT**
- A01 Services, labor and materials (F)
- A02 Goods sold and delivered (F)
- A03 Commercial Paper (F)
- A08 Sale or lease of real estate (F)
- A12 Construction Dispute (A)
- A99 Other (Specify) (F)

**TORT**
- B03 Motor Vehicle negligence-personal injury/property damage (F)
- B04 Other negligence-personal injury/property damage (F)
- B05 Products Liability (A)
- B06 Malpractice-medical (A)
- B07 Malpractice-other(Specify) (A)
- B08 Wrongful death,G.L.c.229,s2A (A)
- B15 Defamation (Libel-Slander) (A)
- B19 Asbestos (A)
- B20 Personal Injury-Slip&Fall (F)
- B21 Environmental (A)
- B22 Employment Discrimination (F)
- B99 Other (Specify) (F)

**REAL PROPERTY**
- C01 Land taking (eminent domain) (F)
- C02 Zoning Appeal, G.L. c.40A (F)
- C03 Dispute concerning title (F)
- C04 Foreclosure of mortgage (X)
- C05 Condominium lien and charges (X)
- C99 Other (Specify) (F)

**EQUITABLE REMEDIES**
- D01 Specific performance of contract (A)
- D02 Reach and Apply (F)
- D06 Contribution or Indemnification (F)
- D07 Imposition of Trust (A)
- D08 Minority Stockholder's Suit (A)
- D10 Accounting (A)
- D12 Dissolution of Partnership (F)
- D13 Declaratory Judgment G.L.c.231A (A)
- D99 Other (Specify) (F)

**MISCELLANEOUS**
- E02 Appeal from administrative Agency G.L. c. 30A (X)
- E03 Action against Commonwealth Municipality, G.L. c.258 (A)
- E05 All Arbitration (X)
- E07 c.112,s.12S (Mary Moe) (X)
- E08 Appointment of Receiver (X)
- E09 General contractor bond, G.L. c.149,s.29,29a (A)
- E11 Workman's Compensation (X)
- E14 Chapter 123A Petition-SDP (X)
- E15 Abuse Petition, G.L.c.209A (X)
- E16 Auto Surcharge Appeal (X)
- E17 Civil Rights Act, G.L.c.12,s.11H (A)
- E18 Foreign Discovery proceeding (X)
- E96 Prisoner Cases (F)
- E97 Prisoner Habeas Corpus (X)
- E99 Other (Specify) (X)

### TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes  ☐ No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.

FRANK CREMONE, )
    Plaintiff, )
)
vs. )
)
HOME DEPOT, Inc. )
    Defendant. )

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

### PARTIES

1. The Plaintiff, Frank Cremone, ("Plaintiff"), is an individual residing at 152 Quincy Street, Quincy, Norfolk County, Massachusetts.

2. The Defendant, Home Depot, Inc., ("Defendant"), is a foreign corporation with a principle place of business located at 2455 Paces Ferry Road, Atlanta, Georgia and a registered agent located at 84 State Street, Boston, MA.

### FACTS

3. The Plaintiff repeats and reavers the foregoing paragraphs as set forth fully herein.

4. The Plaintiff started working for the Defendant on December 2, 1996.

5. At all relevant times, the Plaintiff was a Lead Generator in the Home Depot store located in Quincy, MA. In or around April 2007, Plaintiff commenced working in the Millwork Department in the Quincy store. In about February 2008, the store Manager, Michael Jauquin, recruited Plaintiff to become Lead Generator for the Store.

6. As a Lead Generator, the Plaintiff was required to approach customers in an effort to generate increased sales for the Defendant. The Plaintiff attended some classes in the corporate office in Canton. The Lead Generators who attended the classes were advised that they could make their own schedules, however, they were strongly advised to take Monday and Tuesdays off as these days are traditionally the slowest traffic days at the Quincy store. From the start, Mr. Jaugin and the Plaintiff had an understanding that the Plaintiff would make his own work schedule. He was simply required to work 36 hours per week to keep his status as a full-time employee. From the start, the Plaintiff enjoyed great success as a Lead Generator. The Defendant's records would reflect that his sales numbers were outstanding.

7. In or around September 2008, Chris Hoban became the new Store Manager. Shortly thereafter, Mr. Hoban, the Plaintiff, and the District Manager, Mike Correa, had a conversation in which they agreed that the Plaintiff would continue to make his own schedule. In fact, Mr. Hoban commented, "I don't care what Mr. Cremone does as long as he keeps his numbers up." In November 2008, Chris Ham became the new Assistant Store Manager at the Quincy store.

8. Sometime in late 2008, the Plaintiff's co-worker and friend, Kara Doucette, confided in the Plaintiff that she was being sexually harassed by her direct supervisor at the Quincy store. Ms. Doucette, who was in her twenties had worked in the Hardware Department was fearful of announcing her claims of harassment to management, and she asked the Plaintiff to bring forth her complaint of sexual harassment to the loss prevention department. The Plaintiff and Ms. Doucette went together to loss prevention and reported the claim of sexual harassment to Rob. Thereafter, they met with Joseph Eid, a loss prevention supervisor. Eventually, human resources became involved and asked the Plaintiff to make a statement regarding his knowledge of Ms. Doucette's claims.

9. Throughout the Defendant's investigation into Ms. Doucette's sexual harassment complaint and until the matter was resolved several months later, the Plaintiff outwardly supported Ms. Doucette. Since the time the Plaintiff first offered support to Ms. Doucette, he experienced unfavorable treatment by store management. Management employees made comments to the Plaintiff that insinuated that the Plaintiff must have been having a sexual relationship with Ms. Doucette or that they put together a scheme to scam money from the Defendant.

10. In March 2009, the new Assistant Manager, Chris Ham, called the Plaintiff into a meeting and asked him why he had not been working his scheduled hours. The Plaintiff explained to Mr. Ham that since he started working as a Lead Generator, he did not have set hours and he was responsible for making his hours to keep his sales growing. He also explained that Mr. Hoban and Mr. Jaugin had given him the authority to work as he saw fit. Mr. Ham asked the Plaintiff to sign a form regarding his availability to work. The Plaintiff signed this form and informed Mr. Ham that, based on his agreement with the Store Manager and the District Manager, he would not be obligated to work certain hours. Mr. Ham did not object. After this meeting, the Plaintiff had a discussion with Mr. Hoban in which Mr. Hoban confirmed that the Plaintiff would continue to work his own schedule. In or around March 2009, Mr. Hoban made clear to the Plaintiff that he did not have to work a set schedule.

11. On March 29, 2009, Mr. Ham called the Plaintiff into a meeting and issued him a Written Counseling for his failure to work a set schedule for the past few months. Mr. Ham also rebuked the Plaintiff for speaking too often with two other older employees, Bob Lerro and Jane Weir, and told him to stay away from them. Thomas Pitera, a department supervisor, also attended this meeting. The Plaintiff reiterated to Mr. Ham that he had come to an agreement with Mr. Hoban and Mr. Jaugin that he was permitted to work his own schedule. Mr. Ham responded that "he was in charge now." During the meeting, the Plaintiff asked Mr. Ham to consult with the person in charge of scheduling, Anne Marie, who would confirm that he was permitted to work his own schedule. At that time, Mr. Ham and Mr. Pitera went into Anne Marie's office and asked about the Plaintiff's schedule. Anne Marie confirmed that "Frank Cremone can work any schedule that he wants." Nonetheless, Mr. Ham gave the Plaintiff a Written Counseling. The Plaintiff refused to sign the Written Counseling.

12. In or around March 2009, Home Depot established a new policy, the HD Corporate Customer First Program (the "Program"). This Program required all employees to greet each customer he or she passed in the store and to ask the customer if they needed assistance. The Program gave management the authority to terminate an employee for his or her failure to abide by the Program directives.

13. In or around May 2009, Mr. Hoban attended a meeting with the several other local store managers. The meeting was convened by the District Manager and was held in the West Roxbury store location. Thereafter, Mr. Hoban convened a meeting with the Assistant Store Managers who worked in the Quincy store. After the meeting, the Plaintiff and another employee, Bob Lerro, observed the white board in the conference room where the meeting took place. The Plaintiff and Mr. Lerro wrote down the words they saw on the board, which were as follows: (1) payroll deductions, (2) high wage earners/long term employees; (3) employees who are 55 years or older; and (4) reducing the percentage of full-time employees from 70% to 40%, in order to cut benefits across the board.

14. In May 2009, the Plaintiff did not receive holiday pay for Memorial Day. He worked the day before and the day after Memorial Day and should have received holiday pay for Memorial Day. Based on his prior position at the Defendant in Loss Prevention, the Plaintiff is aware that the payroll system automatically pays an employee holiday pay if he works the day before and after the holiday. Only the store Manager and/or the Assistant Manager have the authority to remove holiday pay from an employee.

15. On June 28, 2009, Mike Guadiano, a Home Depot employee, approached the Plaintiff and advised him that Mr. Robbins thought he and the Mr. Lerro were not greeting customers. Mr. Guadiano also warned the Plaintiff that Mr. Robbins said he was "gunning for" Mr. Lerro and Mr. Robbins told him the Plaintiff and Mr. Lerro were "being watched."

16. Also in June 2009, Robert Lerro, Plaintiff's co-worker, had a conversation with Mr. Hoban about the Customer First Program. Mr. Lerro offered his critique of the Program as it would be difficult to administer equally amongst employees. He also pointed out that an employee could be disciplined or

terminated under the Program for not greeting a customer when, in fact, that employee could have greeted the customer earlier in the day outside the presence of management. At that point, Mr. Hoban leaned over his desk and told Mr. Lerro that "this Program may open up the company to lawsuits but it will put us where we need to be financially. Home Depot will take hits based on the odds. Only one out of 20,000 or 30,000 employees will take legal action based on unequal treatment of the Program."

17. On August 14, 2009, the Plaintiff's attorney sent a letter to the Defendant's Corporate office in Atlanta, Georgia. In the letter, the Plaintiff's attorney made allegations that the Defendant was discriminating against the Plaintiff based on his age and because of his support of Ms. Doucette. A few weeks later, the Plaintiff and Mr. Lerro observed a copy of a biography of the Plaintiff's attorney on Mr. Hoban's desk.

18. On September 4, 2009, the Plaintiff's attorney received a telephone call from an attorney at Home Depot's corporate office. The attorney, Tonya Johnson, informed the Plaintiff's attorney that the Plaintiff's allegations were under investigation at the Quincy store.

19. On September 6, 2009, Mr. Hoban called the Plaintiff into his office and issued him a Final Warning for failing to follow his schedule. The Plaintiff was surprised that Mr. Hoban had suddenly changed his position on the Plaintiff's ability to work his own schedule. This was the first time that Mr. Hoban had supported Mr. Ham's position that the Plaintiff should work a set schedule. Prior to this meeting, Mr. Hoban had fully supported the Plaintiff in his plight against Mr. Ham regarding his schedule. The Final Warning indicates that the Plaintiff had not worked his set schedule since August 19, 2009. This demonstrates that Mr. Hoban started to take notice of the Plaintiff's alleged failure to follow his schedule just 4 days after the Plaintiff's attorney sent a letter to the Defendant's Corporate office alleging age discrimination and retaliation. The Plaintiff signed the Final Warning, and he indicated that he disagreed with the warning based on his prior discussions with Mr. Hoban.

20. On October 31, 2009, the Plaintiff was working behind the Millwork Desk, and he was approached by a customer who asked him to give him the width of a piece of material. There were not any other customers or employees present to hear their conversation. The Plaintiff told the customer that he did not have the proper tool to give him the exact dimensions of a product. The customer asked the Plaintiff again and the Plaintiff told him he did not have the proper tools in the store to provide him the calculation. The customer was displeased and walked away. Sometime thereafter, Mr. Hoban told the Plaintiff that a customer had filed an anonymous complaint against him through the voice-of-the-customer system. Mr. Hoban asked the Plaintiff to provide a statement as to what had transpired with the customer. The Plaintiff cooperated fully and provided a statement.

21. On November 18, 2009, Mr. Hoban called the Plaintiff into a meeting and told him that he was being terminated on account of the customer complaint of October 31, 2009. Mr. Hoban told the Plaintiff that the complaint was still under investigation, but he was being terminated nonetheless. When the Plaintiff asked how an anonymous complaint was still under investigation, Mr. Hoban confirmed that the complaint was anonymous, but told the Plaintiff that he was terminated.

22. The Plaintiff is aware that a customer filed an anonymous complaint in mid-November by using the voice of the customer system. The complaint named three of the Defendant's employees, one of whom is Assistant Manager, Sean Gillenwater. The complaint alleged that these three employees walked past this customer several times for a period of ten minutes without approaching her or asking her for assistance. To the best of the Plaintiff's knowledge, this customer complaint was not investigated and the three named employees were not disciplined. These three employees appear to be much younger than the Plaintiff.

23. The Plaintiff has been retaliated against for assisting another employee file a complaint of sexual harassment and has been treated disparately due to his age. The events culminated in his termination that was out of compliance with the Defendant's policy. The Defendant created a hostile work environment and caused the Plaintiff grave emotional distress and financial loss by terminating him.

24. On or about November 23, 2009, Plaintiff timely filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD").

25. On or about March 30, 2011, Plaintiff's MCAD charge was dismissed to allow him to file a complaint with the Superior Court pursuant to M.G.L. c. 151B, Sec. 5.

26. The Plaintiff has satisfied all conditions precedent to the bringing of this cause of action.

### COUNT I - AGE DISCRIMINATION - IN VIOLATION OF G.L. c. 151B

27. The Plaintiff repeats and reavers the foregoing paragraphs as set forth fully herein.

28. The Defendant, through the actions of Management, treated the Plaintiff differently than compared to younger employees. The discriminatory treatment culminated in Plaintiff's termination.

29. As a direct and proximate result of the Defendant's unlawful actions, the Plaintiff has suffered lost wages and benefits, and he has suffered and continues to suffer from emotional distress.

WHEREFORE, the Plaintiff demands judgment against the Defendant in the amount of his damages, plus punitive damages, interest, costs, attorneys' fees, and other damages this Court deems meet and just.

### COUNT II - RETALIATION IN VIOLATION OF G.L. c. 151B

30. The Plaintiff repeats and reavers the foregoing paragraphs as set forth fully herein.

31. The Defendant retaliated against the Plaintiff for making allegations of age discrimination when he was given a Final Warning on September 6, 2009.

32. The Defendant retaliated against the Plaintiff and wrongfully terminated him from his employment due to asserting legal claims against Defendant in a demand letter and for assisting another employee assert a claim of sexual harassment against Home Depot..

33. As a direct and proximate result of the Defendant's unlawful actions, the Plaintiff was caused to lose time and income from his employment and/or a loss of earning capacity, and has suffered and continues to suffer from emotional distress.

WHEREFORE, the Plaintiff demands judgment against the Defendant in the amount of his damages, plus punitive damages, interest, costs, attorneys' fees, and other damages this Court deems meet and just.

### JURY CLAIM

The Plaintiff claims a trial by jury on all issues set forth herein.

Respectfully submitted,
Frank Cremone
By his attorneys,

Maria Mancini-Scott BBO #630722
KECHES LAW GROUP, P.C.
122 Dean Street
Taunton, MA 02780
(508) 822-2000
mscott@kecheslaw.com

Dated: 6/24/11

Commonwealth of Massachusetts
County of Norfolk
The Superior Court

CIVIL DOCKET # **NOCV2011-00974-A**
Courtroom CtRm 10

RE: Cremone v Home Depot Inc
TO:
Maria Mancini Scott, Esquire
Keches Law Group, P.C.
122 Dean Street
Taunton, MA 02780

## SCHEDULING ORDER FOR F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue 04/19/2013.

| STAGES OF LITIGATION | DEADLINES | | |
|---|---|---|---|
| | SERVED BY | FILED BY | HEARD BY |
| Service of process made and return filed with the Court | 09/27/2011 | 09/27/2011 | |
| Response to the complaint filed (also see MRCP 12) | | 10/27/2011 | |
| All motions under MRCP 12, 19, and 20 | 10/27/2011 | 11/26/2011 | 12/26/2011 |
| All motions under MRCP 15 | 10/27/2011 | 11/26/2011 | 12/26/2011 |
| All discovery requests and depositions served and non-expert depositions completed | 04/24/2012 | | |
| All motions under MRCP 56 | 05/24/2012 | 06/23/2012 | |
| Final pre-trial conference held and/or firm trial date set | | | 10/21/2012 |
| Case shall be resolved and judgment shall issue by **04/19/2013** | | | 04/19/2013 |

- The final pre-trial deadline is <u>not the scheduled date of the conference</u>.
- You will be notified of that date at a later time.
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 06/29/2011

Telephone: (781) 326-1600

Walter F. Timilty
Clerk of the Court

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130 --Check website as to status of case: http://ma-trialcourts.org/tcic  1100689 nolsent fostervi